UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JEFFREY RAY RUDD, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:08-CR-172-TAV-CCS-1 |
| | ) | 3:16-CV-334-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 28].[1] The United States responded in opposition on August 18, 2016 [Doc. 33]; Petitioner replied in turn [Doc. 34]. For the reasons below, Petitioner's § 2255 motion [Doc. 28] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.  BACKGROUND**

In 2009, Petitioner pled guilty to and was subsequently convicted of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g) [Docs. 18, 19]. He faced a statutory penalty of up to ten years' imprisonment as a result of the offense. 18 U.S.C. § 924(a)(2). Based on a prior Tennessee conviction for aggravated robbery and prior federal conviction for aiding and abetting Hobbs Act robbery, the United States Probation Office assigned Petitioner an enhanced based offense level under Section 2K2.1 of the United States

---

[1] On February 11, 2016, Federal Defender Services of Eastern Tennessee ("FDSET") was appointed for the limited purpose of reviewing the case to determine whether or not Petitioner is eligible for collateral relief based on the *Johnson* decision. *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed the instant petition.

Sentencing Guidelines [Presentence Investigation Report (PSR) ¶¶ 15, 38, 40].[2] A two-level enhancement for possessing at least three firearms [*Id.* ¶ 16], a two-level enhancement for possessing stolen firearms [*Id.* ¶ 17], a four-level enhancement for possessing the firearm in connection with an aggravated burglary [*Id.* ¶ 18], and a three-level reduction for acceptance of responsibility [*Id.* ¶24], resulted in a total offense level of twenty-nine and Guideline range of 121 to 151 months' incarceration when combined with Petitioner's criminal history category of IV [*Id.* ¶ 68]. On April 15, 2010, this Court sentenced Petitioner to 120 months' imprisonment [Doc. 25]. No appeal was taken.

The United States Supreme Court decided *Johnson v. United States*—invalidating the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)—on June 26, 2015. 135 S. Ct. 2551 (2015). Petitioner filed the instant petition for collateral relief on June 16, 2016 [Doc. 28 (challenging the decision to enhance his base offense level)].

## II. TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date

---

[2] The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2).

on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). It is yet to be seen whether the same is true of the "new rule" that results from application of *Johnson*'s reasoning in the Guideline context. *See Pawlak v. United States*, 822 F.3d 902, 911 (6th Cir. 2016) (holding that *Johnson*'s vagueness analysis applies equally to the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2 was void for vagueness); *but see In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive"). The Court finds that it need not resolve the issue here, however, because the *Johnson* decision has no impact on Petitioner's case.

3

### III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### IV. ANALYSIS

Petitioner articulates a single ground for relief, arguing that the *Johnson* decision removed his conviction for aiding and abetting Hobbs Act robbery from Section 4B1.2's definition of "crime of violence" and that, without that conviction, he no longer has the predicate offenses required for enhancement under Section 2K2.1(a)(2) [Doc. 28].

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or

4

threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses.

Section 2K2.1 sets a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with two prior convictions for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2). "Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses and similar enumerated-offense clause).

5

Petitioner does not dispute that his prior Tennessee conviction for aggravated robbery qualifies as a predicate crime of violence under the Guidelines use-of-physical force clause.[3] As such, the validity of Petitioner sentence depends on whether his federal conviction for aiding and abetting Hobbs Act robbery remains a "crime[] of violence" under one of the unaffected provisions of Section 4B1.2(a). *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (denying petition where conviction qualified as a predicate offense independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether an offense so qualifies, the Court must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Petitioner argues that aiding and abetting Hobbs Act robbery no longer qualifies as a predicate conviction after the Johnson decision because it is not listed in the main text of Guidelines enumerated-offense clause and can be committed by threatening property—meaning the offense cannot be categorized as a crime of violence under the use-of-physical-force clause [Doc. 28 pp. 9–11; Doc. 34]. Without challenging Petitioner's assertions regarding the text of Section 4B1.2, the United States counters that aiding and abetting

---

[3] Binding Sixth Circuit precedent holds that Tennessee aggravated robbery qualifies as a crime of violence under the use-of-physical-force clause. *See United States v. Bailey*, No. 14-6524, 2015 WL 4257103, at *4 (6th Cir. July 15, 2015) ("Tennessee convictions for aggravated robbery and robbery are categorically violent felonies under the ACCA's use-of-physical-force clause."); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding Tennessee robbery is categorically a violent felony under the use-of-physical-force clause).

6

Hobbs Act robbery remains a crime of violence under Application Note 1 to Section 4B1.2—which lists "aiding and abetting" generic forms of "robbery" as a predicate offense. U.S.S.G. § 4B1.2, cmt. n.1. [Doc. 33].

Even after the *Johnson* and *Pawlak* decisions, the Sixth Circuit has consistently held that the offenses listed in Application Note 1 remain crimes of violence. *See United States v. Stevens*, 651 F. App'x 445, 448 (6th Cir. 2016) (determining that Tennessee attempted aggravated burglary is a crime of violence because it is listed in Application Note 1); *United States v. Morris*, 641 F. App'x 457, 461 (6th Cir. 2016) (finding that Ohio aggravated assault still qualified as a crime of violence after the *Johnson* decision because it qualified as "one of the enumerated crimes of violence listed in Application Note 1"); *In re Kenneth Smith*, No. 16-5888 (6th Cir. Oct. 27, 2016) (finding that Tennessee aggravated assault still qualifies as a crime of violence following the *Johnson* and *Pawlak* decisions because it qualified as generic aggravated assault—an enumerated crime of violence in Application Note 1). To determine whether Petitioner's conviction constitutes robbery for purposes of the commentary, the Court must consider whether the offense "fall[s] within the generic definition of the crime, which is found by surveying how the crime is described across jurisdiction, as well as consulting the Model Penal Code." *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012).

Most states define robbery as the taking of property "from a person or a person's presence by means of force or putting in fear." *United States v. Santieseban-Hernandez*, 469 F.3d 376, 380 (5th Cir. 2006) (collecting statutes from all fifty states and the District of

7

Columbia). The Model Penal Code adopts a similar definition. *See* Model Penal Code § 221 ("A person is guilty of robbery if, in the course of committing a theft, he (a) inflicts serious bodily injury upon another; or (b) threatens another with or purposely puts him in fear of immediate serious bodily injury; or (c) commits or threatens immediately to commit a felony of the first degree"). In light of the foregoing, this Court agrees that generic robbery is "the taking of property from another person or from the immediate presence of another person by force or intimidation." *United States v. Lockley*, 632 F.3d 1238, 1244 (11th Cir. 2011) (quoting *United States v. Walker*, 595 F.3d 441, 446 (2nd Cir. 2010); *accord United States v. Garcia-Caraveo*, 586 F.3d 1230, 1233 (10th Cir. 2009); *United States v. Becerril-Lopez*, 541 F.3d 811, 891 (9th Cir. 2008); *Santiesteban-Hernandez*, 469 F.3d at 380. Because Hobbs Act robbery—defined as "obstruct[ing], delay[ing], or affect[ing] commerce," 18 U.S.C. § 1951(a), by "unlawful[ly] taking or obtaining . . . personal property from the person or in the presence of another against his will, by means of actual or threatened force, or violence, or fear of injury," 18 U.S.C. § 1951(b)(1)—aligns with that generic definition, Petitioner's conviction for aiding and abetting Hobbs Act robbery categorically qualifies as a crime of violence under Application Note 1.

Application Notes in the Guidelines are "authoritative unless they violate[] the Constitution or a federal statute, or [are] inconsistent with, or a plainly erroneous reading of, th[e] [G]uideline[s]." *Stinson v. United States*, 508 U.S. 36, 38 (1993). While several jurisdictions have refused to categorize prior convictions as crimes of violence under Application Note 1 where it would expand the scope of qualifying predicate offenses beyond

8

those covered by the text of Section 4B1.2, *see United States v. Soto-Rivera*, 811 F.3d 53, 60 (1st Cir. 2016) (rejecting argument that inclusion in Application Note 1 is sufficient because that commentary only controls where it is consistent with the text of the provision); *United States v. Walker*, No. 12-cr-430, 2016 WL 5921257, at *6–7 (N.D. Cal. Oct. 5, 2016) ("In order to be consistent with the text of [Section] 4B1.2, the offenses enumerated in the commentary to [that provision] must either (1) qualify as crimes of violence under the elements clause, or (2) also be enumerated in the text of [the provision], or (3) qualify as crimes of violence under the residual clause."); *United States v. Durete*, No. 14-cr-71, 2016 WL 5791199, at *6–8 (D. Co. Sept. 13, 2016) (declining to categorize crime which met definition of generic robbery as crime of violence under Application Note 1 where the only way that crime would qualify as a predicate under the main Guideline text was the now-defunct residual provision), *but see United States v. Kinman*, No. 16-cv-1360, 2016 WL 6124456 (S.D. Cal. Oct. 20, 2016) (finding that Application Note 1 provided an independent source of enumerated offenses after the *Johnson* decision for purposes of Section 2L1.2), the Sixth Circuit has continued to rely on the commentary as an independent source of predicate offenses, s*ee, e.g.*, *Stevens*, 651 F. App'x at 448 (relying on Application Note 1 despite fact that attempted aggravated burglary did not independently qualify under the enumerated-offense or use-of-physical-force clauses); *Morris*, 641 F. App'x at 461 (categorizing offense as crime of violence under Application Note 1 without examining whether the offense

9

qualifies as a crime of violence under the text of Section 4B1.2).[4]  In light of the Sixth Circuit's continued reliance on Application Note 1, this Court feels compelled to conclude that aiding and abetting Hobbs Act robbery remains a crime of violence under the commentary despite the fact that the offense no longer qualifies as such under the text of Section 4B1.2.

## V. CERTIFICATE OF APPEALABILITY

Section 2253 permits issuance of a certificate of appealability (COA) where "the applicant has made a substantial showing of the denial of a constitutional right" and requires that any certificate issued "indicate which specific issue or issues satisfy [that standard]." 28 U.S.C. §§ 2253(c)(2), (3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253 is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

---

[4]  Continued reliance on Application Note 1 as an independent source of enumerated crimes of violence finds some support in recent comments from the Sentencing Commission.  In conjunction with an amendment to the career offender provision which, among other things, deleted the residual clause and added robbery to the list of enumerated offenses listed in the main text of subsection (a)(2), the Commission explained that "[f]or easier application, all enumerated offenses are now included in the [G]uideline at [S]ection 4B1.2," whereas "prior to the amendment, the list was set for in both section 4B1.2(a)(2) and the commentary at Application Note 1." U.S. Sentencing Manual § 4B1.2, amend. 798 (Aug. 1, 2016).

This Court also notes that the reasoning behind the Supreme Court's invalidation of the residual clause in the *Johnson* decision does not apply to Application Note 1.  In that decision, the Court concluded that "the wide-ranging inquiry required by the residual clause" was so "indetermina[te]" that it "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges."  135 S. Ct. at 2257.  Unlike the residual provision, Application Note 1 specifically lists the offenses that qualify as crimes of violence, U.S. Sentencing Manual § 4B1.2, cmt. n.1 (providing that a conviction is a crime of violence if it is "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extensions of credit, and burglary of a dwelling"), and therefore provides an "ascertainable standard" for its application, *United States v. L. Cohen Grocery Co.*, 255 U.S. 81, 89 (1921).

constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *see also Cox v. United States*, No. 1:00-cv-176, 2007 WL 1319270, at *1 (E.D. Tenn. May 4, 2007) (denying request for COA).

While review of applicable federal and state law has led this Court to conclude that aiding and abetting Hobbs Act robbery invariably constitutes generic robbery and thus a crime of violence under Application Note 1 to Section 4B1.2, the limited discussion of that issue by Sixth Circuit and significant number of divergent opinions lead it to agree that reasonable minds might disagree over the propriety of its conclusion. A limited COA will issue.

## VI. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 28] will be **DENIED** and **DISMISSED WITH PREJUDICE**. Because this Court agrees that reasonable minds might disagree over the propriety of its conclusion, a COA will issue on the limited ground of whether the offenses listed in Application Note 1 to Section 4B1.2 constitute crimes of violence in their own right after the *Johnson* and *Pawlak* decisions or only constitute crimes of violence where they independently qualify as such under the text of Section 4B1.2(a)(1) and (a)(2).

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

11